

NUMBER 13-13-00537-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **$1,689.00 U.S. CURRENCY, 67 GAMBLING DEVICES, ASSORTED GAMBLING EQUIPMENT, PARAPHERNALIA AND PROCEEDS,** | **Apellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On Appeal from the 357th District Court of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**
**Memorandum Opinion Per Curiam**

This matter is before the court on an untimely filed notice of appeal.[1] Texas Rule

---

[1]This appeal was originally dismissed for failure to comply with Texas Rule of Appellate Procedure 25.1(d)(2) because appellant's original notice of appeal did not contain the date of the final judgment. This Court granted appellant's motion to reinstate after appellant provided an amended notice of appeal correcting the original defect.

of Appellate Procedure 26.1 provides that an appeal is perfected when notice of appeal is filed within thirty days after the judgment is signed, unless a motion for new trial is timely filed. TEX. R. APP. P. 26.1(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the judgment is signed. TEX. R. APP. P. 26.1(a).

Appellant's amended notice of appeal indicates that the final judgment in this case was signed on July 3, 2013. Pursuant to Texas Rule of Appellate Procedure 26.1, appellant's original notice of appeal was therefore due on August 2, 2013, but was not filed until September 11, 2013. The record does not indicate that any motion was filed extending the deadline to file the notice of appeal. See TEX. R. APP. 26.1(a). On February 27, 2014, the Clerk of this Court notified appellant of this defect so that steps could be taken to correct the defect, if it could be done. Appellant was advised that, if the defect was not corrected within ten days from the date of receipt of this Court's letter, the appeal would be dismissed. To date, no response has been received from appellant providing a reasonable explanation for the late filing of the notice of appeal.

The Court, having examined and fully considered the documents on file, appellant's failure to timely perfect his appeal, and appellant's failure to respond to this Court's notice, is of the opinion that the appeal should be dismissed for want of jurisdiction. Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION. See TEX. R. APP. P. 42.3(a)(c).

PER CURIAM

Delivered and filed the
10th day of April, 2014.

2